IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH A. CARTER | ) |
| | ) |
| v. | ) NO. 3-10-0737 |
| | ) JUDGE CAMPBELL |
| A.O. SMITH CORPORATION | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 21). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff brought this action against Defendant, her former employer, pursuant to the Family Medical Leave Act ("FMLA"), alleging that Defendant unlawfully terminated her employment in retaliation for her taking approved leave pursuant to the FMLA. Docket No. 1. Plaintiff contends that Defendant's alleged reason for her termination - attendance problems - was merely a pretext for that retaliation. *Id*.

Defendant argues that Plaintiff was fired on April 7, 2009, because she had accrued at least seven absentee points[1] in a rolling twelve-month period, which prompted termination under Defendant's attendance policy. Defendant also claims that Plaintiff was not certified for FMLA leave and that she failed properly to report or request FMLA leave as required by Defendant's call-in policy.[1]

---

[1] According to Defendant's records, Plaintiff's absence points were for May 8, 2008, May 20, 2008, May 22, 2008, June 6, 2008, January 29, 2009, March 3, 2009, April 1, 2009, and April 2, 2009. Docket No. 26. Absences not covered by FMLA leave count as points under Defendants' attendance policy. Docket No. 23-4.

[1] Plaintiff admits that employees are required to call in to report FMLA absences and that "you need to say FMLA." Docket No. 22-1, p. 18.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

## FMLA RETALIATION

The FMLA prohibits employers from taking adverse employment actions against employees based on the employee's exercise of FMLA leave. *Bryant v. Dollar General Corp.*, 538 F.3d 394, 401 (6th Cir. 2008). Absent direct evidence of unlawful conduct, FMLA-retaliation claims are evaluated according to the burden-shifting framework used in Title VII discrimination claims.

2

*Hunter v. Valley View Local Schools*, 579 F.3d 688, 692 (6th Cir. 2009); *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007).

A plaintiff makes a prima facie case of retaliation under the FMLA by showing that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Davis v. Wayne State University*, 2011 WL 2786186 at * 3 (E.D. Mich. July 15, 2011) (citing *Bryson*, 498 F.3d at 570) and *Clark v. Walgreen Co.*, 2011 WL 2023432 at * 5 (6th Cir. May 24, 2011).

In this case, Plaintiff contends that she engaged in protected activity when she took FMLA leave. Defendant maintains that Plaintiff's leave was never FMLA approved because her absences were never certified by a physician[2] and she failed to use the company's required policy of requesting FMLA leave. Plaintiff asserts that her doctor, Dr. Schott, had certified her for FMLA leave purposes on a continuous basis since January of 2007 and that she did call in, for every absence, and did ask for FMLA leave.

Plaintiff claims that the FMLA leave that was improperly counted against her was for intermittent FMLA leave related to elevated blood pressure. Docket No. 1, ¶ 7; Docket No. 22-1, pp. 23-24. The relevant medical certificate produced in evidence is dated August 28, 2008, and Plaintiff has testified that it was good for 23 weeks. Docket No. 22-1, p.73 and Ex. 5.[3] Both

---

[2] Defendant's policy requires medical certification of the employee's serious health condition within 15 days of the request for FMLA leave. Docket No. 24, p. 83. Plaintiff has not challenged this policy.

[3] Defendant's human resources representative stated that these certifications typically last for six months. Docket No. 22-2, pp. 22 and 32.

Plaintiff and Defendant have referenced a May 29, 2009 medical certificate issued in connection with unemployment benefits, but a medical certificate issued *after* Plaintiff's termination is irrelevant to this issue. Given Plaintiff's admission that the one medical certificate in evidence was good for 23 weeks, then the only absence which could have been certified is Plaintiff's absence on January 28, 2009.

Even if Plaintiff had followed Defendant's call-in policy and properly requested FMLA leave for the January 28, 2009 absence, which Defendant insists she did not, there are still seven absences for which no FLMA medical certificate has been produced. Under Defendant's attendance policy, seven absence points results in termination. Docket No. 23-4.[4]

Even if the one January 28, 2009 absence qualified as Plaintiff's engaging in protected activity, Plaintiff has not show a causal connection between that one absence and the adverse employment action of her firing, since she could have been fired even without counting that absence. Thus, Plaintiff has not established the first element of her retaliation claim.

For these reasons, Plaintiff has failed to show that there are genuine issues of material fact with regard to her FMLA retaliation claim, and Defendant is entitled to judgment as a matter of law.[5]

---

[4] Plaintiff was given a "Corrective Action for Absenteeism" on August 28, 2008, indicating that she had accumulated 4.5 absence points within the twelve-month rolling period. Docket No. 22-1, Ex. 7. In addition, Plaintiff knew, on March 3, 2009, that she had accumulated 5.5 absentee points in the twelve-month rolling period, because she was given a written warning. Docket No. 22-1, Ex. 6.

[5] To the extent Plaintiff is asserting an FMLA "interference" claim, which the Court does not find in the Complaint, that claim would also require evidence that Plaintiff was entitled to FMLA leave, which Plaintiff has not shown.

CONCLUSION

Defendant's Motion for Summary Judgment (Docket No.21) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE